UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY JEAN LINDSEY,

    *Plaintiff*,

*v*.                                  CASE NO. 12-CV-12585

COMMISSIONER OF                DISTRICT JUDGE GERALD E. ROSEN
SOCIAL SECURITY,               MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, and that the case be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

### II.    REPORT

#### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability, Disability Insurance

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Benefits ("DIB"), and Supplemental Security Income ("SSI") benefits. This matter is currently before the Court on cross-motions for summary judgment. (Docs. 11, 14.)

Plaintiff Betty Jean Lindsey was 39 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 8 at 36.) Plaintiff's employment history includes work as a cashier at a laundromat for five years and as a housekeeper for three years. (Tr. at 159.) Plaintiff filed the instant claims on June 19, 2008, alleging that she became unable to work on December 15, 2007. (Tr. at 127, 134.) The claims were denied at the initial administrative stages. (Tr. at 71, 72.) In denying Plaintiff's claims, the Commissioner considered fractures of the lower limb and anxiety-related disorders as possible bases for disability. (*Id.*) On June 16, 2010, Plaintiff appeared before Administrative Law Judge ("ALJ") Oksana Xenos, who considered the application for benefits *de novo*. (Tr. at 10-30, 33-70.) In a decision dated October 21, 2010, the ALJ found that Plaintiff was not disabled. (Tr. at 26.) Plaintiff requested a review of this decision on November 18, 2010. (Tr. at 8-9.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on April 26, 2012, when, after review of additional exhibits[2] (Tr. at 197-203, 490-515), the Appeals Council denied Plaintiff's request for review. (Tr. at 1-5.) On June 14, 2012, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.    Standard of Review**

---

[2]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d

3

at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record,

regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

### C.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. §§ 401 *et seq.*, and the SSI program of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

5

Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

**D. ALJ Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through March 31, 2012, and that Plaintiff had not engaged in substantial gainful activity since December 15, 2007, the alleged onset date. (Tr. at 15.) At step two, the ALJ found that Plaintiff's spine disorder, history of leg injuries, anxiety disorder and breathing disorder were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 15-16.) At step four, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. at 24.) The ALJ also found that as of the alleged disability onset date, Plaintiff was 36 years old, which put her in the "younger individual age 18 to 44" category. *See* 20 C.F.R. Part 404, Subpart P, App. 2. (*Id.*) At step five, the ALJ found that Plaintiff could perform a limited range of sedentary work. (Tr. at 17-24.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 26.)

### E.   Administrative Record

A review of the relevant medical evidence contained in the administrative record indicates that Plaintiff was treated by Alfred Faulkner, D.O., from 2007 through 2008 for a right ankle or fibula fracture. (Tr. at 214-16.) Plaintiff also sought medical treatment at the Oakwood Hospital emergency room from 2004 to 2008 for right leg and ankle pain, abdominal pain, and back pain. (Tr. at 229-350.)

Plaintiff was treated by Michigan Spine and Brain Surgeons of Oakwood from 2006 through 2008 (Tr. at 351-55), and Plaintiff was also treated by Satinder K. Aggarwal, M.D., from 2006 to 2008. (Tr. at 385-405, 439-75.) Plaintiff was treated for anxiety from 2007 to 2010 at the Center for Individual and Family Therapy. (Tr. at 217-28, 446-75.) She was was treated by Goswami Ram,

7

M.D., from May to June of 2008. (Tr. at 356-57.) Plaintiff was examined by F. Qadir, M.D., on July 28, 2008, regarding psychiatric impairments. (Tr. at 406-10.)

A "Request for Medical Advice - Psychiatric" was completed by Deborah A. Tucker on July 28, 2008 (Tr. at 406-10), and a Physical Residual Functional Capacity ("RFC") Assessment was completed by Tucker on August 5, 2008. (Tr. at 412-19.)

A Mental RFC Assessment and Psychiatric Review Technique form were both completed by Dr. Sheth on August 6, 2008. (Tr. at 421-24, 425-38.)

**F.    Analysis and Conclusions**

**1.    Legal Standards**

The ALJ determined that during the time Plaintiff qualified for benefits, she possessed the residual functional capacity to perform a limited range of sedentary work. (Tr. at 17-24.) Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a)(1991). Social Security Ruling 83-10 clarifies this definition:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

SSR 83-10, 1983 WL 31251, at *5.

After review of the record, I suggest that the ALJ utilized the proper legal standard in her application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

### 2. Substantial Evidence

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 11.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Specifically, Plaintiff contends that the "ALJ committed reversible error in effectively relying upon opinions voiced by a non-physician 'single decisionmaker' [SDM] as to plaintiff's RFC from a physical standpoint." (Doc. 11 at 10-12.) Plaintiff argues that the "ALJ further erred in failing to include in her RFC assessment consideration of limitations on plaintiff's concentration, persistence, or pace she herself found would apply." (*Id*. at 12-14.) Finally, Plaintiff contends that the "ALJ's finding that plaintiff could perform a significant number of jobs is inconsistent with the actual number of jobs she cited as suitable to her RFC." (*Id*. at 14-15.)

Defendant responds that although there were similarities between the RFC analysis of the SDM and the ALJ, the ALJ "never indicated that she gave any weight at all to the SDM's opinion" and that she "dutifully set forth how much weight she gave opinions from acceptable medical sources and explained her reasons for doing so." (Doc. 14 at 15.) Defendant further argues that although Plaintiff appears to argue that the number of jobs spread over a large portion of the state are not the same as the same number of jobs in a single metropolitan area, the "proper inquiry,

however, is not local or regional positions but the number of jobs in the national economy[.]" (*Id.* at 20.) Defendant further argues that *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988), does not require otherwise since it simply held that "1,350 jobs in the local economy was a significant number of jobs to sustain a finding of no disability" and that "1,350 was not a magical number and was to be viewed from the context of that case only" and "suggested a smaller number could still be a significant number." (Doc. 14 at 21.) Finally, Defendant argues that Plaintiff waived any issue regarding the VE's testimony where she "identified only general kinds of jobs as opposed to 'specific job positions.'" (Doc. 14 at 21-22; Doc. 11 at 12.) Defendant adds that "Plaintiff cannot now attribute her counsel's omission to the ALJ." (Doc. 14 at 22.)

### a. Single Decisionmaker ("SDM")

Plaintiff contends that SSR 96-6p "requires the procurement of a medical opinion, not one from a nonphysician, on issues of medical equivalence" and that precedent from our district "went one step further, reversing and remanding where the ALJ relied on an SDM for medical opinions in the disability analysis[.]" (Doc. 11 at 11.)

The single decisionmaker model stems from 20 C.F.R. §§ 404.1406(b)(2) and 404.906(b)(2) and these regulations provide for an experimental, stream-lined procedures that eliminated the reconsideration level of review and which allowed claims to go directly from the initial denial to ALJ hearing. *Crooks v. Comm'r of Soc. Sec.*, No. 12-cv-13365, 2013 WL 4502162, at *9 (E.D. Mich. Aug. 22, 2013). "Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants." *Id.* At the appellate level, including the proceedings before the ALJ, these Physical RFC forms completed by SDMs are "not opinion evidence[.]" *Id.* (citing The Programs Operations Manual System ("POMS") DI § 24510.05). "Accordingly, under the

regulations and agency policy, SDM assessments have no place in an ALJ's disability determination." *White v. Comm'r of Soc. Sec.*, No. 12-cv-12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug. 14, 2013).

In the instant case, the ALJ stated at step three in concluding that Plaintiff's physical impairments did not meet or medically equal any Listing that "[t]his finding is supported by the medical opinion of the State Agency and consultative physicians, all of whom considered the relevant Listings." (Tr. at 16.) I deduce that the ALJ's statement is boilerplate because the only consultative examination of record regarding physical impairments was not performed at the request of the state agency, i.e., Disability Determination Services ("DDS"); instead, the consultative examination was performed by Roderick Claybrooks, M.D., and his report did not have any findings with respect to any Listings. (Tr. at 351-53.) In addition, the only "State Agency" opinion of record is that of the SDM. Therefore, I conclude that the only purported opinion that the ALJ could have relied upon in determining whether Plaintiff's impairments met or equaled a Listing is that of the SDM.

Even if the ALJ did not rely on the SDM's opinion, I suggest that the result would be the same. "While the ALJ did not expressly rely on the opinions of the SDM [], which would have been wholly improper, the lack of any medical opinion on the issue of equivalence is an error requiring remand." *Crooks*, at *10 (citing *Stratton v. Astrue,* ___ F. Supp. 2d ___, 2012 WL 1852084, at *14 (D.N.H. 2012)). I therefore suggest that even if the ALJ in the instant case did not rely on the SDM opinion, the lack of medical opinion evidence on the issue of equivalence alone requires remand. *See id.*; *Berger v. Comm'r of Soc. Sec.*, No. 12-cv-11779, 2013 WL 4437254, at *10-11 (E.D. Mich. Aug. 16, 2013) (collecting cases). Plaintiff may or may not be able to show that her physical impairments equal a Listing; however, "[n]either the ALJ nor this court possesses the requisite

medical expertise to determine if [plaintiff's] impairments . . . in combination equal one of the Commissioner's Listing." *Freeman v. Astrue*, No. CV-10-0328-CI, 2012 WL 384838, at *5 (E.D. Wash. Feb. 6, 2012) (cited with approval in *Osley v. Comm'r of Soc. Sec.*, No. 12-12279, 2013 WL 3456963, at *12 (E.D. Mich. July 9, 2013). I therefore suggest that the instant case be remanded so the ALJ can obtain a qualified medical opinion on the issue of equivalence.

I further suggest that a qualified medical source opinion should be obtained regarding Plaintiff's functional capacity. When determining the RFC, the ALJ recognized that the RFC Assessment had been completed by a SDM and indicated that "the determination of residual functional capacity reached by the Disability Determination Service was made by a party other than a medical or psychological consultant or other program physician or consultant, but is consistent with the medical evidence of record." (Tr. at 23.) Since there was no medical source evidence regarding physical capacity, the ALJ must have either relied on the opinion of the SDM or made her own medical finding that expressly agreed with that of the SDM. Neither of these options could serve as substantial evidence and I suggest that such an error would not be harmless. *Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013) (finding error in relying on SDM's opinion could not be harmless where there were no other medical opinions to rely on, noting that the "'Court has stressed the importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data.'") (quoting *Mistoff v. Comm'r of Soc. Sec.*, No. 3:12cv046, 2013 WL 1098188, at *8 (S.D. Ohio March 15, 2013)).

I recognize that there are situations where "'the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.'" *Deskin v. Comm'r*, 605 F. Supp. 2d 908, 912

(N.D. Ohio 2008) (quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, I suggest that the instant case is not one of those cases where there is so little impairment that the lay opinion of an ALJ could substitute for that of an expert medical opinion when formulating the RFC determination.

Since I suggest that this issue is determinative, I do not address the other issues raised by Plaintiff.

### b. Remand

Once it has been determined that the Commissioner's administrative decisions are not supported by substantial evidence, a district court faces a choice. It may either remand the case to the Commissioner for further proceedings or direct the Commissioner to award benefits. The court may reverse and direct an award of benefits if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits . . . where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Felisky,* 35 F.3d at 1041; *accord, Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). This comports with the principle that "where remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Wilson v. Comm'r of Soc. Sec.*, 378 F3d 541, 547 (6th Cir. 2004) (citations omitted).

In this case, for the reasons set forth above, I conclude that there are unresolved legal and factual issues. I therefore suggest that the ALJ's decision should be reversed and the case remanded under sentence four of § 405(g).

13

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/ Charles E Binder
                                           CHARLES E. BINDER
Dated: September 26, 2013              United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: September 26, 2013             By     s/Patricia T. Morris
                                                     Law Clerk to Magistrate Judge Binder